UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
 :
**TATYANA BAZHOV**, :
 :
                Plaintiff, :
 : **MEMORANDUM DECISION AND**
    – against – : **ORDER**
 :
 : 20-CV-6107 (AMD)
**COMMISSIONER OF SOCIAL SECURITY**, :
 :
                Defendant. :
 :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

    Before the Court is the plaintiff's counsel's motion for $16,182.25 in attorney's fees, pursuant to 42 U.S.C. § 406(b). (ECF Nos. 25, 25-1 at 1.) The Commissioner takes no position on the motion. (ECF No. 26.) As explained below, the motion is granted.

## BACKGROUND

    The plaintiff applied for social security disability benefits on August 20, 2018, with a disability onset date of July 6, 2018. (ECF No. 9 at 138.) On December 27, 2018, the Social Security Administration ("SSA") denied the plaintiff's claim, after which she requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 79, 87.) The ALJ concluded that the plaintiff was not disabled at any time after July 6, 2018, and denied the claim. (*Id.* at 18–31.) The plaintiff appealed the ALJ's decision, which the SSA Appeals Council denied on October 13, 2020. (*Id.* at 1–4.)

On December 15, 2020, the plaintiff retained Osborn Law, P.C. to represent her on appeal in federal court.  (ECF No. 25-3 (Ex. 1, Fee Agreement).)[1]  The plaintiff agreed that her attorney would be entitled to "25 (twenty-five) percent of the past-due benefits resulting from [her] claim" or the amount permitted under "the Equal Access to Justice Act (EAJA)" if the case was "sent back to the Social Security Administration for further evaluation (a remand), or by obtaining [her] benefits outright by court order."  (*Id.* at 2.)  The fee agreement also provided that if her attorney were "granted attorney fees pursuant to 42 U.S.C. § 406(b)," he would "refund the smaller of the amounts between the 406(b) fees and the EAJA fees."  (*Id.*)

On December 16, 2020, the plaintiff, through counsel, filed a complaint in this Court. (ECF No. 1.)  On August 17, 2022, the Court granted the plaintiff's motion for judgment on the pleadings and remanded the case for further proceedings before the SSA.  (ECF No. 21.)[2]  On remand, the ALJ awarded the plaintiff past due benefits (ECF No. 25-5 (Ex. 3, ALJ Decision)), and the SSA withheld $16,182.25 — 25 percent of the total past due balance — to pay the plaintiff's counsel upon court approval (ECF No. 25-6 at 2–3 (Ex. 4, Notice of Change in Benefits)).

The plaintiff's counsel filed this motion on April 13, 2025, and asked the Court to approve a fee award of $16,182.25, the full 25 percent of the total past due benefits.  (ECF No. 25; ECF No. 25-1 at 1.)  The Commissioner "neither supports nor opposes counsel's request," but "requests that the Court direct Plaintiff's counsel to reimburse Plaintiff any fees previously received under the EAJA, 28 U.S.C. § 2412, in its order resolving Plaintiff's Section 406(b) fee

---

[1] Attorneys Daniel Osborn and Lindsay Trust handled the case.  (ECF No. 25-4 (Ex. 2, Attorney Timesheet).)

[2] Pursuant to the parties' stipulation, the Court awarded the plaintiff's counsel $6,950.00 in attorney's fees, under the EAJA.  (ECF No. 24.)

2

petition." (ECF No. 26.) The plaintiff's counsel states that he "will refund to Plaintiff the lesser of any §406(b) award and the fee awarded pursuant to EAJA." (ECF No. 25-1 at 5 n.1.)

## LEGAL STANDARD

42 U.S.C. § 406(b) permits the Court to award a "reasonable fee" to the prevailing plaintiff's attorney, "not in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b)(1)(A). In determining reasonableness, a court "should 'begin with the agreement;'" and "the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Long v. Comm'r of Soc. Sec.*, No. 18-CV-1146, 2020 WL 6545904, at *2 (E.D.N.Y. Nov. 6, 2020) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

To determine whether a contingency fee is "reasonable," courts consider, among other things: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, No. 09-CV-3678, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing *Wells*, 907 F.2d at 372). In reaching this conclusion, courts evaluate the gross amount of attorney's fees to be awarded, rather than a net fee awarded under Section 406(b) after offsetting an EAJA award. *See, e.g.*, *Reyes v. Berryhill*, No. 17-CV-7214, 2021 WL 1124752, at *3 (E.D.N.Y. Mar. 24, 2021).

Whereas EAJA fees "are paid by the government to the litigant to defray the cost of legal services," fees under Section 406(b) "are paid by the litigant to the attorney from the past-due benefits awarded." *Wells v. Bowen*, 855 F.2d 37, 41 (2d Cir. 1988). A court may award attorney's fees under both the EAJA and Section 406(b), but the plaintiff's attorney "must refund

3

to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citation omitted).

## DISCUSSION[3]

The plaintiff's attorneys seek a fee award 25 percent of the total past due benefits. The plaintiff agreed that her attorney would be entitled to "25 (twenty-five) percent of the past-due benefits resulting from [her] claim" if her case was "sent back to the Social Security Administration for further evaluation (a remand)." (ECF No. 25-3 at 2 (Ex. 1, Fee Agreement).) This fee comports with Section 406(b)'s statutory cap. *See* 42 U.S.C. § 406(b)(1)(A). Nothing in the record suggests that the fee arrangement was procured by fraud or overreaching, or that the attorneys were ineffective or otherwise caused unnecessary delay; in fact, the attorneys successfully moved to remand the case, after which the plaintiff received past due benefits.

Nor would the requested fee be a windfall. In determining whether a fee award is a windfall, courts consider the "*de facto* hourly rate," "ability and expertise of [counsel]," "the nature and length of the professional relationship with the claimant," "the satisfaction of the disabled claimant," and "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854–55 (2d Cir. 2022). These attorneys have represented the plaintiff since December 2020 and spent 30.60 hours on the plaintiff's appeal, which yields an effective hourly attorney rate of $528.83. (ECF No. 25-1 at 5; ECF No. 25-4 (Ex. 2, Attorney Timesheet); ECF No. 25-3 (Ex. 1, Fee Agreement).) That rate is well below "the range of effective hourly rates that have previously

---

[3] Under Federal Rule of Civil Procedure 54, a fee application pursuant to 42 U.S.C. § 406(b) must be filed within fourteen days after the entry of judgment. *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019). Judgment in this case was entered on August 19, 2022. (ECF No. 22.) However, because the plaintiff's counsel did not learn about the notice of change in benefits until April 1, 2025 (ECF No. 25-7 (Ex. 5 (April 1, 2025, Email)), the Court considers the motion timely filed. *See Sinkler*, 932 F.3d at 85 ("[D]istrict courts are empowered to enlarge that filing period where circumstances warrant.").

4

been deemed reasonable by courts in this Circuit." *Dorta v. Saul*, No. 18-CV-396, 2021 WL 776446, at *2 (S.D.N.Y. Mar. 1, 2021) (citations omitted); *see, e.g.*, *Baron v. Astrue*, 311 F. Supp. 3d 633, 637–38 (S.D.N.Y. 2018) (collecting cases that approved *de facto* hourly fees ranging from $1,072.17 to $2,100.00). Moreover, they achieved a successful outcome for the plaintiff, which was by no means "certain." *See Fields*, 24 F.4th at 855 ("Lawyers who operate on contingency — even the very best ones — lose a significant number of their cases and receive no compensation when they do."); *Wells*, 907 F.2d at 371 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk.").

Finally, where the fee awards are made under both the EAJA and Section 406(b), the SSA must disburse the entire Section 406(b) award to the plaintiff's counsel, who must then refund the smaller award to the plaintiff. (ECF No. 14 at 2); *see Gisbrecht*, 535 U.S. at 796; *Wells*, 855 F.2d at 41–42. As noted above, counsel has agreed to refund the EAJA award to the plaintiff. (ECF No. 25-1 at 5 n.1.)

## CONCLUSION

The plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) is granted. The Commissioner is directed to release $16,182.25 to counsel from the plaintiff's withheld past due benefits in accordance with agency policy. Upon receipt of that award, counsel must promptly refund the plaintiff $6,950.00, the fee amount that counsel previously received under the EAJA.

**SO ORDERED.**

                                                          s/Ann M. Donnelly
                                                    _____
                                                    ANN M. DONNELLY
                                                    United States District Judge

Dated: Brooklyn, New York
        April 22, 2025